IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:02-CR-12- JRG-RSP |
| | § | |
| RICHARD ALEXANDER PARROTT | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On November 18, 2015, the undersigned held a final hearing on the Government's petition (#51) to revoke supervised release. The Government was represented by Assistant United States Attorney Ryan Locker. The Defendant, Richard Alexander Parrott, was represented by Ken Hawk.

Richard Alexander Parrott was sentenced on April 21, 2004, before The Honorable U.S. District Judge T. John Ward of the Eastern District of Texas – Marshall Division, after pleading guilty to the offense of Sexual Exploitation of Children, a Class C felony. The case was reassigned to the Honorable James Rodney Gilstrap. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 28 and a criminal history category of I, was 120 months. Richard Alexander Parrott was subsequently sentenced to 120 months subject to the standard conditions of release, plus special conditions to include sex offender treatment, restrictions from unsupervised contact with children under the age of 18, computer and internet restrictions, prohibited from having contact with or use devices with internet capability, and prohibited from possessing or viewing images in any form of media or live venue that depicts sexually explicit conduct as defined in 18 U.S.C. § 2256(2). On May 3, 2013, Richard Alexander Parrott completed his period of imprisonment and

began service of the supervision term.

Mr. Parrott's conditions of supervision were modified by the Court on May 7, 2015, as follows:

The defendant shall be placed on home detention for a period of 180 days, to commence immediately. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the U.S. Probation Officer. The defendant shall maintain a telephone at his place of residence without "call forwarding," "a modem," "Caller I.D.," "call waiting," or portable cordless telephones for the above period. At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The defendant is to pay the cost associated with his program of electronic monitoring.

On November 9, 2015, this petition to revoke was filed. In its petition, the Government alleges the Defendant violated the following conditions:

1) <u>Standard:</u> The Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer. Specifically, the Government alleges as follows: Mr. Parrott had unauthorized association with convicted felon, Irma Rosales, on or about November 3, 2013. Mr. Parrott signed an admission form admitting to the unauthorized association with Irma Rosales, who is also on federal supervision. Mr. Parrott had unauthorized association with convicted felon, Frederich Gholston, on or about May 1, 2014. Mr. Parrott signed an admission form admitting to the unauthorized association with Mr. Gholston, who is also on federal supervision.

2) <u>Special</u>:   The Defendant shall not possess or view any images in any form of media or live venue that depicts sexually explicit conduct as defined in 18 U.S.C. Section 2256(2). Specifically, the Government alleges the following:   On or about October 31, 2015, Mr. Parrott intentionally gained access to a computer at his place of employment in an effort to view pornography.   On November 5, 2015, Mr. Parrott gave a verbal and written admission as to the alleged conduct and violation.

3) <u>Special</u>:   The Defendant shall be place on home detention for a period of 180 days. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the U.S. Probation Officer.   The defendant shall maintain a telephone at his place of residence without "call forwarding," "a modem," "Caller I.D.," "call waiting," or portable cordless telephones for the above period.   At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer.   The defendant is to pay the cost associated with his program of electronic monitoring.   Specifically, the Government alleges the following:   On July 31, 2015, Mr. Parrott was approved in advance by the U.S. Probation Officer to attend a meeting with his wife and her attorney.   Mr. Parrott was instructed to return to his residence by 1:00 p.m., at the conclusion of the meeting.   However, he did not return to his residence until 3:05 p.m.   Mr. Parrott admitted to violating his approved leave schedule.

4) <u>Special</u>:   The Defendant shall not have contact with or use devices that communicate data via modem or dedicated connection and shall not have access to the internet.   The defendant shall not possess or access a computer except at a place of employment, in the course

of his employment. Such computer shall have no modem or other internet access device accessible. The defendant shall allow the probation officer to have access to any computer to which he has access for the purpose of monitoring his condition. Specifically, the Government alleges the following: On or about March 14, 2015, Mr. Parrott intentionally contacted his cell phone provider in order to activate his internet service in an attempt to gain access to pornographic material. Mr. Parrott gave a verbal and written admission as to the alleged conduct and violation. On or about October 31, 2015, Mr. Parrott intentionally gained access to a computer at his place of employment in an effort to view pornography. On November 5, 2015, Mr. Parrott gave verbal and written admission as to the alleged conduct and violation.

The Court scheduled a revocation hearing for November 18, 2015. At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to the allegations as set forth above. Based on the Defendant's plea of true to the allegations, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for six months and three days. After confinement, defendant shall be placed on supervised release for twenty-one months with the same special and mandatory conditions. The Court recommended service of sentence in Houston, Texas. Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to the allegations, as set forth in the Government's petition, be **ACCEPTED**. Based upon the Defendant's plea of true to the

allegations, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release.   It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**.  It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six months and three days.   After confinement, defendant shall be placed on supervised release for twenty-one months with the same special and mandatory conditions.   The Court recommended service of sentence in Houston, Texas.

At the close of the November 18, 2015 revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence.   Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 25th day of November, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE